| | |
|---|---|
| **AR15.COM, LLC,** )<br><br>)<br>**Plaintiff,** )<br><br>)<br>**v.** )<br><br>)<br><br>)<br>**LUCIEN GUY MORIN, II,** )<br>**INDIVIDUALLY AND D/B/A** )<br>**RIDGEBACK TACTICAL** )<br>**GEAR.COM,** )<br><br>)<br>**Defendant.** ) | **FINAL CONSENT JUDGMENT** |

_____

This matter having come before the Court on the parties' Joint Motion for Entry of this

Final Consent Judgment, (Doc. No. 9), and the Court being fully advised in the matter, it appearing

that:

1.      As used herein, "Plaintiff" refers to AR15.Com, LLC.

2.      As used herein, "Defendant" refers to Lucien Guy Morin, II, individually and d/b/a

Ridgeback Tactical Gear.Com.

3.      Defendant consents to the subject matter and personal jurisdiction of this Court.

4.      Since at least as early as October 9, 2006, AR15 has used a bolt face logo (the

"Trademark") on, and in connection with, various goods and services.  The Trademark is shown

below.



5.  Plaintiff is the owner of U.S. Registration Nos. 3,461,149; 4,170,316; 4,755,204; 4,942,800; and 4,942,804 for, and common law rights in, the Trademark in connection with a wide variety of goods and services, including but not limited to firearms; firearm sights; silencers for firearms; cases for firearms; covers for firearms; pouches; namely, shot pouches and cartridge pouches; belts for military equipment; shell belts; woven belts for military equipment; component parts for pistols; rifles and shotguns; firearm hand guards; gun barrels; gun mounts; gun stocks; magazines for weapons; and ammunition (U.S. Reg. No. 3,461,149) and on-line and physical retail store services (U.S. Reg. No. 4,755,204). These federally registered marks are on the Principal Register, and U.S. Reg. No. 3,461,149 has become incontestable under 15 U.S.C. § 1065.

6.  Over the years, AR15 has developed considerable goodwill in its business and in its Trademark. AR15's Trademark has acquired secondary meaning, and it has become associated with AR15 as a source of quality goods and services.

7.  Defendant owns and operates the online retail store located at https://ridgebacktacticalgear.com; a Twitter account located at https://twitter.com/RidgebackT; and a Facebook account located at https://www.facebook.com/Ridgeback.Tactical, which offer for sale, *inter alia*, firearms-related gear and survival gear. Defendant has used the following trademark on and in connection with his online retail store and social media accounts:



8.      Plaintiff alleges that: (i) Defendant's trademark as depicted above is confusingly similar to the Trademark and (ii) Defendant's unauthorized use of such a confusingly similar trademark will cause confusion, deception, and mistake, because the relevant public will believe that Defendant's goods and services are approved by, sponsored by, or affiliated with Plaintiff.

9.      Plaintiff alleges that unless and until Defendant's unauthorized use of such a confusingly similar trademark is permanently enjoined, Plaintiff will suffer irreparable injury, and the public will be confused and deceived.

It is accordingly **ORDERED** and **ADJUDGED** that, the parties' Joint Motion for Entry of this Final Consent Judgment, (Doc. No. 9), is **GRANTED**, and effective this day:

1.      Defendant and each of his affiliates, associates, agents, servants, employees, and all others under their control, or acting in concert therewith, or having knowledge thereof, are hereby immediately and permanently enjoined from using any mark, word, term, name, symbol, or device identical, substantially identical, or confusingly similar to the Trademark, alone or in combination with any other term, symbol, and/or design, on or in connection with the goods and services listed in U.S. Registration Nos. 3,461,149; 4,170,316; 4,755,204; 4,942,800; and 4,942,804, or any related good or service.

2.      Defendant and each of his affiliates, associates, agents, servants, employees, and all others under their control, or acting in concert therewith, or having knowledge thereof, are hereby immediately and permanently enjoined from advertising, promoting, or selling goods or services, including via the Internet, in conjunction with a bolt face design, alone or in combination with some other term and/or design, including but not limited to "Ridgeback Tactical Gear.Com," "Ridgebacktactical" or "Ridgeback Tactical," or taking any action that would impair the value of the Trademark or tarnish the goodwill associated with the Trademark.

3.      Defendant and each of his affiliates, associates, agents, servants, employees, and all others under their control, or acting in concert therewith, or having knowledge thereof, are hereby immediately and permanently enjoined from stating or implying that any goods or services offered by Defendant are associated with, affiliated with, sponsored by, or approved by Plaintiff.

4.      Defendant shall destroy all goods and advertising, marketing, or promotional materials in Defendant's possession, custody, or control that use a bolt face design, alone or in combination with some other term and/or design, including but not limited to "Ridgeback.Tactical," "Ridgeback Tactical Gear.Com," "Ridgebacktactical" or "Ridgeback Tactical," within sixty (60) days from the date of this Final Consent Judgment.

5.      Defendant shall deliver to the Clerk of Court certification that the materials referenced above were properly destroyed.  Defendant is not to deliver to the Clerk of Court the materials needed to be destroyed.

6.      This action, including all claims asserted in the Complaint, is hereby **DISMISSED with prejudice**, with each party to bear its own attorneys' fees and costs.

7.      This Court shall have and retain jurisdiction over this matter for the purposes of interpreting and enforcing the terms of this Final Consent Judgment.

8.      Defendant shall file with the Court a sworn Certification of Compliance within sixty (60) days from the date of this Final Consent Judgment, setting forth in detail the nature and substance of his compliance with the terms hereof.

Signed: April 21, 2018

_____
Robert J. Conrad, Jr.
United States District Judge